UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

         Plaintiff,

- against -

LUIS A. HERNANDEZ and LINQ
FINANCIAL GROUP, INC.,

         Defendants.

------------------------------------------------------ X

**OPINION AND ORDER**

11 Civ. 2114 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

Defendants bring this motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"). For the reasons discussed below, these motions are denied.

## II.   BACKGROUND

The Guardian Life Insurance Company of America ("GLIC"), a New York corporation, brings this action against LINQ Financial Group, Inc. ("LINQ"), a Florida corporation, and Luis Hernandez, a Florida resident who is also the "incorporator, sole shareholder, registered agent, president, secretary, and sole

1

director of LINQ."[1]  GLIC's claim is for breach of contract.[2]  Subject matter jurisdiction is based on diversity of citizenship and an amount in controversy over $75,000.

GLIC provides its clients with life and disability income insurance, retirement services, and investment products such as mutual funds.[3]  It also "supplies employee benefits programs, including life, health, and dental insurance."[4]  According to the Amended Complaint, GLIC entered into an Agreement of General Agency (the "Agreement") with Defendants that began on July 1, 2004 and terminated on September 7, 2007.[5]  During the time of the Agreement, Hernandez "solicited applications for life, health, and group insurance as well as annuities and other products; aided in the maintenance of existing insurance policies, annuities, and other products; and serviced existing and new policyholders[.]"[6]

The Plaintiff alleges that, as part of the Agreement, GLIC, LINQ, and

---

[1] *See* Amended Complaint ("Am. Compl.") at ¶¶ 1, 2-4.

[2] *See id.* at ¶¶ 21-28.

[3] *See id.* at ¶ 2.

[4] *Id.*

[5] *See id.* at ¶ 4.

[6] *Id.* at ¶ 6.

Hernandez executed a Promissory Note and Personal Note for Future Liability.[7] Under these Notes, GLIC made loans to LINQ for its operating costs – these loans were to be repaid from LINQ's earnings, and if unpaid, would bear interest payable on GLIC's demand.[8] GLIC alleges that, at the time LINQ terminated the agreement, Defendants were indebted to GLIC in the amount of approximately $500,000, which GLIC now seeks to recover with interest.[9]

## III.  LEGAL STANDARD

### A.  Motion to Dismiss

An action based on diversity of citizenship may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"[10]  In order to demonstrate that venue is proper, the "Plaintiff need not establish that this district has 'the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred here, even if a greater part of the events occurred elsewhere.'"[11]

---

[7]  *See id.* at ¶ 10.

[8]  *See id.* at ¶ 11.

[9]  *See id.* at ¶¶ 16, 19-28.

[10]  28 U.S.C. § 1391(a).

[11]  *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386 (S.D.N.Y. 2010) (quoting *Neufeld v. Neufeld*, 910 F. Supp. 977, 986 (S.D.N.Y. 1996) (internal quotation marks omitted)).

"[O]n a Rule 12(b)(3) motion to dismiss . . . the burden of showing that venue in the forum district is proper falls on the plaintiff."[12]  "The court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits."[13]  When such contradictions occur, the "'court may examine facts outside the complaint to determine whether venue is proper.  The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'"[14]  Finally, "[i]n determining whether venue is proper for a breach of contract under § 1391(a), courts consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred."[15]

### B. Transfer of Venue

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute has

---

[12] *EPA ex rel. McKeown v. Port Authority of N.Y. and N.J.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).

[13] *Id.*

[14] *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1352 (1990 & Supp. 1999)).

[15] *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 757-58 (S.D.N.Y. 1995) (citation omitted).

superseded the common-law doctrine of forum non conveniens, which is now appropriate only in "'cases where the alternative forum is abroad.'"[16]

In order to transfer a civil action under Section 1404(a), the moving party must satisfy two requirements. *First*, the transferee court must be able to exercise jurisdiction over the parties and must be an appropriate venue for the action. *Second*, the balance of convenience and justice must favor transfer.[17] Although the first requirement is straightforward, the second requirement "'is essentially an equitable task' left to the Court's discretion."[18]

> Some of the factors a district court is to consider are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.[19]

Additional factors a court may consider "include (1) the forum's familiarity with

---

[16] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2 (1994)). *Accord Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc).

[17] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

[18] *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989)).

[19] *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106-07 (2d Cir. 2006) (quotations omitted). *Accord Iragorri*, 274 F.3d at 73-74 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

governing law and . . . (2) the interest of justice, based on the totality of the circumstances."[20]  When conducting this balancing test, the court enjoys "broad discretion" and decides the issue based on "notions of convenience and fairness on a case-by-case basis."[21]  The movant bears the burden of showing that transfer is warranted.[22]

Not all of these factors merit equal weight.  The convenience of witnesses is the most important factor in deciding whether to transfer an action.[23]  The location of documents, on the other hand, is "not a compelling consideration when records are easily portable."[24]  For the purpose of determining the locus of operative facts, a court may make reasonable assumptions regarding the location of

---

[20] *TouchTunes Music Corp. v. Rowe Intern. Corp.*, 676 F. Supp. 2d 169, 173 (S.D.N.Y. 2009) (quotations omitted).

[21] *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org.*, 487 U.S. at 29).

[22] *See Iragorri*, 274 F.3d at 71 (citing *Gulf Oil*, 330 U.S. at 508).

[23] *See Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989).  *See also* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.13[1][f][i] (3d ed. 2005).

[24] *KPMG Consulting, Inc. v. LSQ II, LLC*, No. 01 Civ. 11422, 2002 WL 1543907, at *4 (S.D.N.Y. July 12, 2002) (internal quotations omitted).  *Accord Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) ("In today's era of photocopying, fax machines and Federal Express, the location of documents factor is neutral.") (internal quotations omitted).

events if they are not clearly specified in the complaint.[25]

## IV. DISCUSSION

### A. Motion to Dismiss

Given that all inferences are to be drawn in the Plaintiff's favor, GLIC has met its burden of demonstrating that venue is proper in this District. The Agreement and Promissory Notes were drafted and executed on behalf of GLIC in New York.[26] Hernandez traveled to New York to meet with GLIC executives "before being permitted to have a general agency relationship" with it.[27] After the Agreement was executed, "Hernandez traveled to Guardian's New York . . . offices [at least four times] to meet with Guardian executives, attend other functions related to his and LINQ's general agency and their relationship with Guardian, and conduct business with and for Guardian."[28]

The Plaintiff also asserts that LINQ maintained a New York bank account with Chase Bank, "from which Hernandez paid his current and former

---

[25]  *See Alonso v. Saudi Arabian Airlines Corp.*, No. 98 Civ. 7781, 1999 WL 244102, at *7 (S.D.N.Y. Apr. 23, 1999).

[26]  *See* Declaration of Tom Rafferty, Vice-President of Agency Administration and Finance at GLIC, in Opposition to Defendants' Motion to Dismiss ("Rafferty Decl.") at ¶ 27.

[27]  Brief in Opposition to Defendants' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue ("Pl. Mem.") at 6.

[28]  Rafferty Decl. at ¶ 12; *see* Pl. Mem. at 6.

agents, brokers, and himself commissions."[29]  The Plaintiff states that "a portion of the unpaid indebtedness is based upon a cash deficien[cy] in [the New York bank account]."[30]  Hernandez's statement that he had "no say in the opening"[31] of this account is of little importance – the fact is the account was opened in New York and was used to make payments pursuant to the contract.

The Defendants claim that "all of the purported business dealings took place in the state of Florida."[32]  While it is undisputed that a substantial *part* of the acts or omissions that made up this contract occurred in Florida,[33] that is not the test.  GLIC has alleged numerous acts that occurred in New York pursuant to the formation and performance of this contract.  Because the allegations in the Amended Complaint are presumed to be true, GLIC has met its burden of showing that venue is proper in this District.

---

[29]  Pl. Mem. at 7.

[30]  *Id.*

[31]  Affidavit of Luis A. Hernandez, individually and as the Corporate Representative for LINQ Financial Group, Inc. In Support of Its Motion to Dismiss ("Hernandez Aff.") at ¶ 35.

[32]  Defendants' LINQ Financial Group, Inc. and Luis A. Hernandez's Motion to Dismiss for Plaintiff's Failure to Bring this Action in the Proper Venue, or in the Alternative to Transfer Venue, and Memorandum of Law in Support Thereof ("Def. Mem.") at 4.

[33]  *See generally id.*

B.   **Motion to Transfer**

The Defendants seek transfer to the Southern District of Florida. That Court may properly exercise jurisdiction over Defendants, who reside and do business in that District. Thus, the motion to transfer is to be decided by an analysis of the following factors.

1.   **Plaintiff's Choice of Forum**

In general, a court should not disturb a plaintiff's choice of forum "unless the balance of the factors weighs strongly in favor of transfer."[34] GLIC regularly conducts business in New York, and this District is most convenient for GLIC's witnesses, who are all located in New York.[35] Thus, GLIC's choice of forum should be accorded significant deference.

2.   **Convenience of Witnesses**

"The convenience of both party and nonparty witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted."[36] The Defendants have not demonstrated sufficient inconvenience to witnesses to justify transfer. The Defendants have identified four

---

[34]   *Caville v. Malibu Toys, Inc.*, No. 03 Civ. 9727, 2004 WL 1516799, at *2 (S.D.N.Y. Jul. 7, 2004).

[35]   *See* Pl. Mem. at 11.

[36]   *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000).

9

witnesses who reside in South Florida and noted their intention to call representatives of a Florida Bank.[37]  The Plaintiff has identified seven potential witnesses who reside in either New York or New Jersey.[38]  This factor does not weigh in favor of either party.

### 3. Location of Documents and Relative Ease of Access to Sources of Proof

Most documents relevant to this litigation are presumably located in New York or Florida.  Because modern technology has made the transportation of documents relatively easy, Defendants must make a convincing showing they will suffer any real hardship in moving documents to this District.  GLIC does not maintain any documents in Florida.[39]  Defendants argue that "[g]iven that all of the purported actions, and inactions, occurred in the state of Florida, logic would also dictate that all of the necessary documents are also in the state of Florida."[40]  While I accept that Defendants' documents are in Florida, the transportation of documents in the era of the flashdrive, the CD, and the Internet is no longer a hardship for anyone.  Therefore, this factor does not favor either side.

---

[37]    *See* Hernandez Aff. at ¶ 41.

[38]    *See* Pl. Mem. at 11.

[39]    *See id.* at 13.

[40]    Def. Mem. at 7.

### 4. The Convenience of Parties

Litigating in Florida would undoubtedly be more convenient for Defendants. Litigating in New York would undoubtedly be more convenient for GLIC. But "'[a motion to transfer under section 1404(a)] should not be granted if all transfer would accomplish is to shift the inconveniences from one party to the other.'"[41] It is a short flight from Miami to New York, and while Defendants protest that "[a]ll parties do business in the State of Florida, and . . . [l]itigation would certainly be most convenient in Miami,"[42] this statement is not sufficient to disturb Plaintiff's choice of forum.

### 5. The Locus of Operative Facts

This factor is neutral. While Defendants assert that "all of the facts that give rise to this case occurred in Florida,"[43] GLIC notes that

> Hernandez interviewed in New York; all written Agreements . . . were drafted in New York; Hernandez traveled to New York on several occasions concerning the agreements . . . with [GLIC]; all loans made to [Defendants] were dispensed by Guardian in New York; all partial repayments were/are retained by [GLIC] in New York; and LINQ/Hernandez utilized a Chase Bank New York

---

[41] *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 337 (S.D.N.Y. 2010) (quoting *Stinnes Interoil, Inc. v. Apex Oil Co.*, 604 F. Supp. 978, 984 (S.D.N.Y. 1985)).

[42] Def. Mem. at 7.

[43] *Id.* at 8.

11

bank account to pay commissions[.][44]

Given that Defendants allegedly became indebted to, and must repay, GLIC in the State of New York, the locus of operative facts does not weigh in favor of transfer to Florida. Hernandez claims that "[t]he alleged breach . . . would have occurred in Florida . . . in that LINQ's business was located in Florida." A breach of contract between two businesses located in different states will necessarily "occur," in the strictest sense of the word, in the home state of the breaching party – here Florida. The negotiation and performance, however, occurred in both states, and the impact of breach was felt at least as strongly in New York, if not more strongly.

### 6. The Availability of Process to Compel the Attendance of Unwilling Witnesses

Plaintiffs have identified several witnesses they intend to call to testify, but all of these witnesses are employed by GLIC, and are therefore likely to appear if this action were transferred to Florida.[45] The Defendants intend to call four witnesses who live in Florida, but have not explained these witnesses' relationship to LINQ, or indicated that they would be unwilling to testify in New

---

[44] Pl. Mem. at 13.

[45] *See id.* at 11.

York.[46]   On balance, this factor weighs slightly in favor of Defendants.

### 7.     The Relative Means of the Parties

This factor does not weigh in favor of a transfer.  While Defendants claim that they are a small business that has been "negatively impacted by the recent economic downturn,"[47] the economy has impacted all businesses. Moreover, "'a party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to [its] finances.'"[48] The Defendants have not offered any such documentation.

### 8.     Forum's Familiarity with Governing Law and the Interests of Justice

This is "one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved."[49] Nonetheless, GLIC correctly points out that the Agreements between the parties

---

[46]    *See* Hernandez Aff. at ¶ 41.

[47]    Def. Mem. at 9.

[48]    *TouchTunes Music Corp.*, 676 F. Supp. 2d at 176 (quoting *NBA Props., Inc. v. Salvino, Inc.*, No. 99 Civ. 11799, 2000 WL 323257, at *10 (S.D.N.Y. Mar. 27, 2000) (citation omitted).

[49]    *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004).

consistently referenced New York law.[50] This factor, though of minimal importance, weighs against transfer.

### 9. Summary of Venue Issues

Defendants have failed to make a sufficiently strong showing that transfer is warranted based on either convenience or the interests of justice. GLIC's legitimate choice of forum should be afforded significant deference and a transfer would serve only to shift financial burdens and inconveniences. The convenience of the parties themselves is evenly balanced, and while Defendants have identified four non-party witnesses who reside in Florida, I do not find that this is sufficient to overcome Plaintiff's choice of venue.

## V. CONCLUSION

For the foregoing reasons, Defendants' motions are denied. The Clerk of Court is directed to close these motions [Docket #10]. A conference is scheduled for August 26, 2011 at 3:30 p.m.

---

[50] *See* Pl. Mem. at 14.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	August 22, 2011
	New York, New York

## - Appearances -

**For Plaintiff:**

Steven P. Del Mauro, Esq.
Colleen M. Duffy, Esq.
McElroy, Deutsch, Mulvaney, & Carpenter, LLP
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490


**For Defendant:**

Michael Tiliakos, Esq.
Rao Tiliakos LLP
90 Park Avenue
18th Floor
New York, NY 10016
(212) 455-9255

Hugo V. Alvarez, Esq.
Alvarez and Barbara LLP
2701 South Bayshore Drive, Suite 500
Miami, FL 33133
(305) 263-7700